UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCOTT STERN, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.  10-11814-MAP |
| | ) | |
| | ) | |
| NORTH ADAMS, CITY OF, et. al, | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION REGARDING CERTAIN DEFENDANTS'
MOTIONS TO DISMISS (Document Nos. 5 and 9) and DEFENDANT JOSEPH
COURY'S MOTION FOR JUDGMENT ON THE PLEADINGS (Document No. 17)
May 2, 2011

NEIMAN, U.S.M.J.

Scott Stern ("Plaintiff"), proceeding *pro se*, has submitted yet another complaint,

this time against the City of North Adams and twelve other named and unknown

defendants ("Defendants").  Plaintiff, it should be noted, is already barred from filing

lawsuits concerning the Massachusetts Probate and Family Court without prior approval

of this court.  *See Stern v. Stern*, Civil Action No. 06-30207-MAP.  The present

complaint, however, does not fall within this stricture.  Rather, it is comprised of twelve

causes of action and over one hundred and forty paragraphs of assertions, all of which

relate to the ticketing and subsequent removal of Plaintiff's vehicle from his property in

December of 2006.

Two groups of defendants -- certain municipal defendants, on the one hand, and

two employees of the Northern Berkshire District Court on the other -- have filed

motions to dismiss, while another defendant, Joseph Coury, has filed a separate motion

for judgment on the pleadings.[1]

The motions have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the court will recommend that all three motions be allowed.

## I. FACTUAL BACKGROUND

This action arises out of the ticketing and removal of Plaintiff's vehicle from his property in North Adams, Massachusetts; it is not entirely clear from the complaint whether the vehicle was removed from Plaintiff's yard or driveway, but it is clear that it was not removed from a garage. (Pl.'s Amend. Compl. ¶ 45.) In any event, Plaintiff received a ticket dated December 4, 2006, for violating North Adams City Ordinance 3.17.[2] The ordinance allows for removal of unregistered vehicles from any zoned district (except certain designated areas), if parked or stored for a period of more than six months, as well as the removal of junk motor vehicles, *i.e.*, "[a]ny motor vehicle not capable of being used as such in its existing condition by reason of being damaged or dismantled beyond repair or failing to contain parts necessary for operation," if parked or stored for a period of more than three days. CODE OF ORDINANCES OF THE CITY OF NORTH ADAMS MASSACHUSETTS, V29, *available at*

---

[1] John and Jane Doe(s) were also named as defendants, but Plaintiff has not followed up regarding any such unknown persons. The court will also recommend that all these defendants be dismissed *sua sponte*. Three additional defendants, Freedman, DeRosa and Rondeau, its employee, Richard Dahoney, and John Derosa, City Solicitor for the City of North Adams, have recently moved to dismiss the case against them. That motion is not addressed in this report and recommendation.

[2] In his complaint, Plaintiff refers to North Adams ordinance 3.12A.4, but, as the various defendants explain, the ordinance in question is actually numbered 3.17.

http://www.northadams-ma.gov/UserFiles/Image/City Ordinances(1).pdf, at 323-24 (last

visited Apr. 28, 2011).  The vehicle was towed sometime after December 11, 2006.

There is no indication that Plaintiff initiated the process to dispute the removal of the

vehicle as provided by the ordinance.

## II.  PROCEDURAL BACKGROUND

In January of 2007, Plaintiff filed a complaint with the Berkshire County Superior

Court alleging harm caused by the improper removal of his vehicle; that action was

subsequently dismissed.  Plaintiff then filed the instant action on December 11, 2009,

also with the Berkshire Superior Court.  The matter was removed to this forum on or

about October 25, 2010.[3]

The defendants bringing the present motions fall into the following three groups:

Group 1: The City of North Adams (A Municipal Corporation), Manuel
Serrano (Health Inspector), William Meranti (alleged Building Inspector),
John Barrett, III (Mayor and Chief Executive Officer for the City of North
Adams), Earnest Morocco (Commissioner of Public Safety, Officer for the
City of North Adams), and Michael Cozzaglio (Director of Public Safety,
Officer for the City of North Adams) (hereinafter "Municipal Defendants");

Group 2: Joseph Coury, Owner of Coury's Used Auto Parts (hereinafter
"Coury"); and

Group 3: Dennis Darcangelo and Timothy Morey, Clerk-Magistrate,
Northern Berkshire District Court, North Adams (hereinafter "Darcangelo
and Morey").

---

[3]  It should be noted that Plaintiff filed yet another action on June 1, 2010,
focused on the same allegedly improper removal of his vehicle, but he failed to give
notice in a timely manner and this court terminated the action.  *See* Civil Action No.
3:10-cv-30108-KPN.  Plaintiff apparently also asserted counterclaims relating to the
same vehicle removal in a housing court case brought against him by the City of North
Adams, which case was subsequently dismissed by both the City and Plaintiff.

Plaintiff's twelve causes of action, presumably, are directed against all the defendants: (1) M.G.L. c. 266, § 28 (motor vehicle theft); (2) M.G.L. c. 266, § 30 (larceny); (3) negligent infliction of emotional distress; (4) violations of M.G.L. c. 12, § 11L; (5) deprivation of rights under Article X of the Massachusetts Declaration of Rights; (6) M.G.L. c. 274, §§ 1-4, 7 (felonious conspiracy); (7) violation of the Fourth Amendment to the United States Constitution; (8) violation of M.G.L. c.265, § 37 (criminal civil rights statute); (9) violation of Due Process under the Fourteenth Amendment to the United States Constitution; (10) violation of 42 U.S.C. § 1983; (11) violation of 18 U.S.C. § 241 (federal conspiracy); and (12) intentional infliction of emotional distress.

Each group of defendants has filed a dispositive motion. The Municipal Defendants seek to dismiss all twelve counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as do Darcangelo and Morey. Coury seeks judgment on the pleadings under Rule 12(c).

On December 23, 2010, District Judge Michael A. Ponsor granted Plaintiff's motion for extension of time to file a response to the various motions, giving him an additional ninety days to respond. Shortly thereafter, on December 30, 2010, Plaintiff filed certain exhibits in support of his complaint. Then, on February 17, 2011, Plaintiff filed extensive motions for relief from any and all judgments, to seal the document, and to appoint counsel. This court denied Plaintiff's motions, but indicated that it would treat his motions as responses to Defendants' outstanding motions, and that he could supplement these responses by March 21, 2011. Rather than doing so, Plaintiff filed another motion for extension of time on March 18, 2011, which the court denied. The

court is now poised to issue its report and recommendation.

### III.  STANDARDS OF REVIEW

When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992).  Recently, however, the Supreme Court made clear that, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), only a complaint which states a plausible claim for relief, on its face, will survive a motion to dismiss.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).  The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.

Rule 12(c), on the other hand, permits a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed," as long as the motion does not delay the trial.  In considering such a motion, a court must accept the nonmoving party's facts as true and it must draw reasonable inferences in his favor.  *Feliciano v. State of Rhode Island*, 160 F.3d 780, 788 (1st Cir. 1998) (citation omitted).  The court may grant a Rule 12(c) motion if it appears, beyond a doubt, that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Feliciano*, 160 F.3d at 788.

To be sure, a court must take special care when viewing a *pro se* litigant's submissions which, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*See also Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976**)**; *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000).  Nonetheless, *pro se* litigants, like all parties, are required to comply with the Federal Rules of Civil Procedure. *See Eagle Eye Fishing Corp. v. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994).

## IV. DISCUSSION

Plaintiff's complaint contains an amalgam of causes of action and conclusory allegations stemming from the removal of his vehicle from his property.  Given Plaintiff's misconstruction of the ordinance and the lack of any cogent argument against Defendants' various assertions, the court has little choice but to conclude, for the reasons which follow, that the three dispositive motions should be granted.

A.     Fourth and Fourteenth Amendment Violations

To put it bluntly, Plaintiff has failed to adequately rebut Defendants' arguments regarding the alleged constitutional violations.  More to the point, these causes of action are insufficiently pled; Plaintiff merely asserts, without factual support, a plethora of conclusory allegations that do not amount to either a Fourth or Fourteenth Amendment violation.

First, Plaintiff appears to challenge the constitutionality of the city ordinance itself. The United States Supreme Court, however, has acknowledged that a municipality, pursuant to its police power, may promulgate regulations or laws for the general welfare.  *See Village of Belle Terre v. Boraas*, 416 U.S. 1, 9 (1974) ("The police power is not confined to elimination of filth, stench, and unhealthy places. It is ample to lay out zones where family values, youth values, and the blessings of quiet seclusion and clean

6

air make the area a sanctuary for people."); *Clark v. Boscher*, 514 F.3d 107, 112 (1st

Cir.2008) ("In order to assert a valid substantive due process claim, [a]ppellants have to

prove that they suffered the deprivation of an established life, liberty, or property

interest, and that such deprivation occurred through governmental action that shocks

the conscience."); *see also Schneider v. County of San Diego*, 28 F.3d 89, 92 (9th Cir.

1994) (warrantless seizure did not impinge on any legitimate privacy interest); *Lone Star

Security & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1236 (9th Cir. 2009)

(finding rational purpose for ordinance for encouraging removal of vehicles); *Kleinman v.

City of San Marcos*, 597 F.3d 323 (5th Cir. 2010) (upholding junked car ordinance);

*Graff v. Nicholl*, 370 F. Supp. 974 (D. Ill. 1974) (addressing an Illinois statute and

Chicago City ordinance for seizing abandoned vehicles).  That is what the City of North

Adams did here when passing the ordinance.

More importantly for present purposes, Plaintiff has not proffered sufficient facts

to support his assertion that the ordinance is unconstitutional or that the various

defendants failed to comply with its enforcement procedures.  In addition, as

Defendants argue, Plaintiff has not been denied procedural or substantive due process

rights.  Procedurally, the ordinance, first, provides for notice and, then, the means by

which an aggrieved person could appeal to the Zoning Board of Appeals and, from

there, to Land Court or Superior Court.  Plaintiff was given pre-seizure notice in the form

of a violation tag and the vehicle was removed in a manner permitted by the ordinance.

Similarly, Plaintiff's allegations are devoid of any governmental action that "shocks the

conscience," a necessary element to a substantive due process claim.  *Clark*, 514 F.3d

at 112.

B.      Federal and Criminal Statutes

Plaintiff's complaint also sets forth multiple causes of action under both federal and state criminal statutes.  However, the criminal statutes relied upon by Plaintiff do not provide for private causes of action and Plaintiff provides no basis for this presumption to the contrary.  *See Loffredo v. Center for Addictive Behaviors*, 689 N.E.2d 799, 802 (Mass. 1998*)* ("[W]e have generally been reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference"); *Overton v. Torruella*, 183 F. Supp. 2d 295 (D. Mass. 2001) ("Generally, a private citizen has no authority to initiate a federal prosecution") (citing *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964)); *see also Borucki v. Ryan*, 555 N.E.2d 212, 213 (Mass. 1990) ("Clearly, the words of the statute do not expressly create any private cause of action."); *Loew v. Mayor of Newton*, 798 N.E.2d 585, 585 n.4 (Mass. App. Ct. 2003) (due to "the absence of any language in [the statute] providing for a private cause of action . . . it is doubtful that the plaintiffs have standing to bring this action.").  Thus, the court agrees with Defendants that Plaintiff's causes of action based on State and Federal criminal statutes should be dismissed.

C.      Deprivation of Rights Under Article X of the Massachusetts Declaration of Rights

Finally, the court agrees with the Municipal Defendants' and Coury's arguments that there is no basis here for a direct cause of action for violation of the Massachusetts Declaration of Rights.  *See Martino v. Hogan,* 643 N.E.2d 53, 60 (Mass. App. Ct. 1994) (Inmate who asserted that departmental regulations regarding pre-transfer hearings were violated could not base claim directly upon article of Massachusetts Declaration of

8

Rights regulating prosecutions); *Orell v. UMass Mem. Med. Ctr., Inc.*, 203 F. Supp. 2d 52, 71 (D. Mass. 2002) ("Plaintiff's constitutional claims cannot be brought directly under . . . Article XVI of the Massachusetts Constitution."). Plaintiff's treatment in this matter arose from the procedurally sound enforcement of a constitutional city ordinance. Even a generous reading of Plaintiff's complaint fails to find sufficient facts stating claims upon which relief may be granted.

## V. CONCLUSION

For the reasons stated, the court recommends, first, that the Municipal Defendants' and Darcangelo and Morey's motions to dismiss be ALLOWED, and second, that Coury's motion for judgment on the pleadings be ALLOWED.[4]

DATED: May 2, 2011

                                        /s/ Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.